# United States District Court
# Eastern District of California

| | |
|---|---|
| DARRYL KEITH BRYANT,<br><br>     Petitioner,<br><br>   v.<br><br>WARDEN ANTHONY MALFI,<br><br>     Respondent. | CV 07-02295 TJH<br><br><br>Order |

    The Court has considered Bryant's petition for habeas corpus, together with the moving and opposing papers.

    On June 11, 2004, Sacramento County Sheriff's Deputies responded to a 911 call made by Bryant, who claimed that his girlfriend had been kidnapped from his home. The deputies found the victim behind a supermarket. The victim told a deputy that she had not been kidnaped, but was afraid to speak to law enforcement because Bryant would hurt or kill her. However, the victim reported that on June 10 she had awakened during the night and gotten up to get some medication. As she was returning down the hallway to the bedroom, she encountered Bryant. Bryant punched her in the face, splitting her lip, and then pushed her into the bedroom,

where she curled into a fetal position as he continued to hit her. The victim stated that she would not testify against the defendant.

Before trial, the court granted Bryant's motion to exclude any evidence of his parole status. However, at trial, Deputy McGuire testified that Bryant was arrested, inter alia, for a parole violation. Bryant immediately objected and moved for a mistrial. The court denied the motion and instructed the jury to disregard the deputy's last statement.

The victim testified at trial that she had inflicted the injuries upon herself. The victim further testified that she remembered talking to the deputy, but did not recall what she had said. The victim's statement was presumably admitted into evidence under the recorded recollection exception to hearsay. Cal. Evid. Code § 1237, People v. Bryant, 2006 WL 1633670, *1, N. 2 (Cal. App. Jun. 14, 2006). Bryant did not testify at trial.

Bryant was convicted on count fifteen, corporal injury to a co-habitant, for the June 10 incident. The jury found Bryant not guilty of the remaining charges. He was sentenced to twenty-five years to life. Bryant moved for a new trial, asserting that the trial court erred in denying his motion for a mistrial during the deputy's testimony. The trial court denied the motion for retrial.

Bryant appealed to the California Court of Appeal on the grounds that the trial court erred by (1) failing to give a unanimity instruction, (2) failing to grant his motion for a mistrial, and (3) failing to grant his motion for a new trial. The California Court of Appeal affirmed his conviction. Bryant, 2006 WL 1633670.

Bryant did not seek a direct appeal to the California Supreme Court, but filed a petition for writ of habeas corpus in that court. The court denied his petition for habeas corpus. In re Bryant, 2007 Cal. LEXIS 10673 (Sept. 25, 2007).

After the California Supreme Court denied Bryant's state habeas corpus

petition, he filed a federal habeas corpus petition, claiming: (1) The trial court erred in not giving a specific unanimity instruction; (2) There was insufficient evidence to support his conviction; (3) The trial court erred in denying his motion for a mistrial; and (4) The trial court erred in denying his motion for a retrial.

Bryant's habeas corpus petition was filed after the effective date of, and, thus, is subject to, the Anti-Terrorism and Effective Death Penalty Act of 1996 (" AEDPA"), 28 U.S.C. § 2254, Weaver v. Thompson, 197 F.3d 359, 362 (9th Cir. 1992). Under AEDPA, an application for a writ of habeas corpus shall not be granted, unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Furthermore, a state court factual determination must be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Bryant claims the trial court erred in not giving a specific unanimity instruction. A unanimity instruction is only required when "there is a genuine possibility of jury confusion … ." United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir. 1989). Under California law, a unanimity instruction is not required where the acts proven constitute a continuous course of conduct. People v. Napoles, 104 Cal. App. 4th 108, 115, 127 Cal. Rptr. 2d 777, 783 (2002). The California Court of Appeal found no unanimity instruction was required because Bryant's striking of the victim, pushing her into the bedroom and striking her more were so closely connected that they formed one continuous act. Bryant, 2006 WL 1633670 at *2.

There is no Supreme Court decision concluding that California's continuous conduct exception is contrary to federal law. Additionally, the facts presented to the jury did not warrant a specific acts unanimity jury instruction. Napoles, 104 Cal.

App. 4th at 115, 127 Cal. Rptr. 2d at 783.  Bryant's first claim does not warrant habeas relief.  28 U.S.C. § 2254(d).

Bryant, also, asserts the evidence was insufficient to support his conviction.  However, a federal district court cannot review a petition for habeas corpus when the decision of the state court rests on state law ground that is independent of federal law and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553-54, 115 L. Ed. 2d 640, 655 (1991).  A state ground is independent and adequate if it is not interwoven with federal law.  Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004).

Under California law, "A petitioner who fails to exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims … ."  Carter, 385 F.3d at 1197.  This California rule is independent of federal law and is adequate to support the judgment.  Carter, 385 F.3d at 1198.  The Court cannot grant habeas relief because the California Supreme Court decision to deny habeas is consistent with Federal law, as determined in Coleman, 501 U.S. at 729, 111 S. Ct. at 2553-54, 115 L. Ed. 2d at 655.

Bryant's third habeas claim is that the trial court erred in denying his motion for mistrial. "The decision to declare a mistrial is left to the 'sound discretion' of the judge … .'"  Renico v. Lett, __U.S.__, 130 S. Ct. 1855, 1863, 176 L. Ed. 2d 678, 687 (2010).

After Deputy McGuire testified that Bryant was on parole when he was arrested, the trial court immediately instructed the jury to disregard his statement.  It is normally presumed that a jury will follow the court's instruction to disregard inadmissible evidence inadvertently presented to it.  Greer v. Miller, 483 U.S. 756, 766 n.8, 107 S. Ct. 3102, 3109 n.8, 97 L. Ed. 2d 618, 631 n.8.  The trial court

1. acted within its discretion in denying the mistrial motion, therefore, Bryant's third
2. claim does not warrant habeas relief.  Renico, __U.S. at __, 130 S. Ct. at 1863,
3. 176 L. Ed. 2d at 687.
4.     Bryant's final habeas claim is that the trial court erred in not granting a new
5. trial.  Because the trial court's denial of Bryant's motion for mistrial was not
6. erroneous, it, additionally, did not unreasonably apply Federal law when it denied
7. Bryant's motion for a new trial.  See 28 U.S.C. § 2254(d)(2). Thus, Bryant's final
8. claim does not warrant habeas relief.
9.     Bryant failed to show that the state court decision was either contrary to, or
10. involved an unreasonable application of, clearly established Federal law, as
11. determined by the Supreme Court; or was based on an unreasonable determination
12. of the facts.  Therefore,
13.
14.     It is Ordered that the petition be, and hereby is, Denied.
15.
16. Date:  July 22, 2011
17.                                               _____
18.                                                 Terry J. Hatter, Jr.
19.                                          Senior United States District Judge
20.
21.
22.
23.
24.
25.
26.